# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("AGREEMENT") is entered into by and between KEITH CONE ("CONE") and CHOICE ENVIRONMENTAL SERVICES OF BROWARD, INC. ("CHOICE") (collectively "Parties").

### RECITALS

This AGREEMENT is made with reference to the following facts:

A. **WHEREAS**, CONE filed a Lawsuit against CHOICE, entitled *Keith Cone v. Choice Environmental Svcs. of Broward, Inc.*, Case No.: 0:12-cv-62151-RSR, currently pending in the United States District Court for the Southern District of Florida (the "Lawsuit");

B. **WHEREAS**, CHOICE denies the validity of CONE's claims and denies that it is subject to any liability; and

C. **WHEREAS**, all wages concededly due to CONE have been unconditionally paid; and

D. **WHEREAS**, all Parties wish to settle their differences without resort to further litigation; and

E. **WHEREAS**, CHOICE is willing to provide CONE with certain considerations described below, which it is not ordinarily required to, provided CONE releases CHOICE from any claims CONE has made or might make arising out of or related to his employment with CHOICE or the allegations in the Lawsuit and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2. **Definitions:** Throughout this AGREEMENT, the term "CHOICE" shall include the following:

    (A) Choice Environmental Services of Broward, Inc., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, former parent company, former affiliate, or division of Choice Environmental Services of Broward, Inc..; and

    (B) Any past or present officer, director, trustee, agent, employee, or insurer of an entity encompassed by subparagraph (a).

Page 1 of 8

*Eight Thousand One Hundred Twenty-Five* (E)

3. **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, CHOICE agrees to pay to CONE ~~Seven Thousand Five Hundred~~ Dollars and No Cents ($8,125.00), less lawful deductions. This sum shall be allocated as follows:

   *Five Thousand Five Hundred Ten* (E)

   (A) CHOICE shall issue payment in the amount of ~~Three Thousand Five Hundred~~ Dollars and ~~No~~ Cents ($5,510.91) made payable to "Todd W. Shulby, P.A." tax identification number 59-3773230, for attorney's fees and costs, and shall issue the appropriate 1099 for this amount;

   (B) CHOICE shall issue payment in the amount of Two Thousand Six Hundred Fourteen Dollars and 09 Cents ($2,614.09), made payable to "Keith Cone," for which a 1099 shall issue.

   CHOICE shall provide the consideration identified in this paragraph 3 upon the satisfaction of all of the following conditions precedent: (1) receipt by counsel for CHOICE of this Settlement Agreement and General Release executed by CONE; (2) receipt by counsel for CHOICE of a Joint Motion for Court Approval of Settlement Agreement and a Joint Stipulation for Dismissal, with prejudice, both executed by counsel for CONE in the Lawsuit; (3) receipt by counsel for CHOICE of an Order from the Court in the Lawsuit, approving this Settlement Agreement and General Release, and dismissing the instant action with prejudice; (4) an executed letter from CONE in the form attached hereto as Exhibit A (this letter cannot be executed until after the expiration of the seven (7) calendar day revocation period discussed in paragraph 23(C) below); and (5) fully-executed tax forms for all individuals/entities receiving checks.

   This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after CHOICE has received from CONE all of the items described in this paragraph).

4. **Consideration:** CONE understands and agrees that CHOICE would not be voluntarily resolving this action and providing the consideration specified in paragraph 3, above, but for his execution of this AGREEMENT and the fulfillment of the promises contained herein.

5. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, CONE, for himself and for each of his heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges CHOICE and each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that CONE may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, or his employment with Choice, including, but not limited to, claims for wages, which, as set forth in "WHEREAS" clause "C" preceding paragraph 1 of this AGREEMENT, as well as paragraph 7 of this AGREEMENT, have been fully paid to CONE prior to the execution of this AGREEMENT, or are fully paid by way of paragraph 3 of this AGREEMENT; back pay; front pay; reinstatement; damages; or benefits. CONE also releases any and all claims he may have that arose prior to the date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under Title VII of the

Page 2 of 18

Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; the Age Discrimination in Employment Act, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, as amended; the Workers Adjustment and Retraining Notification Act, as amended; the Occupational Safety and Health Act, as amended; the Sarbanes-Oxley Act of 2002; the Consolidated Omnibus Budget Reconciliation Act (COBRA); the Employee Retirement Income Security Act of 1974, as amended; the National Labor Relations Act; and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim. CONE also releases any and all claims he may have that arose prior to the date of this AGREEMENT under the Family and Medical Leave Act and the Fair Labor Standards Act.

Likewise, in exchange for, and in consideration of, the payments, benefits, and other commitments described above, CHOICE, for each of its predecessors, successors and assigns, parent corporations, subsidiary corporations, affiliated corporations, and the officers, directors, shareholders, partners, employees, attorneys and agents, past and present, of each of the aforesaid entities, hereby fully releases, acquits, and forever discharges CONE and each of his heirs, executors, administrators, and assigns, attorneys and agents, past and present ("Related Persons") of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that CHOICE may now have, has ever had, or hereafter may have relating directly or indirectly to the allegations in the Lawsuit, or his employment with Choice, including and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights CONE or CHOICE may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. CONE and CHOICE understand and agree that they are releasing each other from any and all claims by which they are giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by themselves or on their behalf.

6. **Affirmations:** CONE represents and affirms that he has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him, except as provided for in this AGREEMENT. CONE represents and warranties that he is ineligible for, not currently enrolled in, or otherwise receiving, Medicare benefits.

7. **No Further Employment:** CONE acknowledges that his employment with CHOICE terminated effective July 25, 2012. CONE permanently, unequivocally, and unconditionally waives any and all rights CONE may now have, may have had in the past, or may have in the future to obtain or resume employment with CHOICE. CONE agrees never to apply for employment with

Page 3 of 8 

CHOICE, its parent, successors, affiliates, and subsidiaries. In the event that CONE is ever mistakenly employed by CHOICE, its parent, successors, affiliates, and/or subsidiaries, CONE agrees to have his employment terminated with no resulting claim or cause of action against CHOICE, its parent, successors, affiliates, and/or subsidiaries.

8. **No Assignment:** CONE represents and warrants, regarding his interest in the subject matter of this AGREEMENT, no person other than CONE, had or has any interest in the matters referred to in this AGREEMENT, that CONE has the sole right and exclusive authority to execute this AGREEMENT, and that CONE has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

10. **Confidentiality:** In consideration of the obligations under this AGREEMENT, CONE agrees that this AGREEMENT and the terms and conditions hereof, are strictly, and shall forever remain, confidential, and that neither CONE nor his heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of CHOICE, under any circumstances, except CONE may disclose the terms of this AGREEMENT to his attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 10 and all of its subparts.

10. **Non-Disparagement:** CONE agrees that he will not provide information, issue statements, or take any action, directly or indirectly, that would cause CHOICE embarrassment or humiliation or otherwise cause or contribute to CHOICE being held in disrepute.

11. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the state in which CONE was employed at the time of his last day of employment with CHOICE without regard to its conflict of laws provision. In the event CONE or CHOICE breaches any provision of this AGREEMENT, CONE and CHOICE affirm that either may institute an action to specifically enforce any term or terms of this AGREEMENT, with the prevailing party entitled to receive their reasonable attorney's fees and costs from the other party.

12. **Conditions:** Should CONE or CHOICE ever breach any provision or obligation under this AGREEMENT, they explicitly agree to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by the other party as a result of their breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies CONE or CHOICE may have by virtue of this AGREEMENT or otherwise.

13. **No Admission of Liability:** The parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at anytime for any purpose as an admission by CHOICE of any liability or unlawful conduct of any kind.

14. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

Page 4 of 7

15. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. CONE agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the party against whom such waiver is charged. The parties acknowledge that only an authorized representative of CHOICE has the authority to modify this AGREEMENT on behalf of CHOICE.

16. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT.

17. **Severability:** The parties explicitly acknowledge and agree that the provisions of this AGREEMENT are both reasonable and enforceable. However, if any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT. To the extent any provision herein that relates to the dismissal of CONE's Lawsuit or the general release of claims described in paragraph 5 above or CHOICE's consideration to CONE as described in paragraph 3 above is deemed to be illegal, invalid, or unenforceable, CHOICE and/or CONE are not obligated to honor any of the terms set forth herein and CONE shall return any amounts paid by CHOICE so long as CONE can still maintain or re-file an action for the relief sought in this action and obtain all of the relief sought in this action.

18. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

19. **Entire Agreement:** Except for any restrictive covenants which remain in full force and effect, this AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior obligation of CHOICE to CONE. CONE acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

21. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to



Page 5 of 18

deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

> Choice Environmental Services of Broward, Inc.
> c/o Patrick DeBlasio, Esq.
> Littler Mendelson, P.C.
> 2 S. Biscayne Blvd., Suite 1500
> Miami, FL 33131
> Tel. 305.400.7500
> Fax. 305.603.2552
>
> Keith Cone
> c/o Todd Shulby, Esq.
> TODD W. SULBY, P.A.
> 4705 S.W. 148th Ave., Suite 102
> Davie, FL 33330
> Tel. 954.530.2236
> Fax. 954.530.6628

21. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

22. **Compliance with Older Workers Benefit Protection Act:** CONE, being 40 years of age or older, is advised of and acknowledges the following:

    (A) **Twenty-One Day Consideration Period.** CONE shall have up to twenty-one (21) days to consider and accept the terms of this AGREEMENT by fully executing and notarizing it below, and returning it to CHOICE's counsel, as identified in paragraph 21. During this twenty-one (21) day period and before signing this AGREEMENT, CONE is encouraged to consult with an attorney regarding the terms and provisions of this AGREEMENT, at his own expense. The terms and provisions of this AGREEMENT are null and void if not accepted by CONE within the twenty-one (21) day period. CONE may sign the AGREEMENT prior to the conclusion of the twenty-one (21) day period.

    (B) **Release of Age Discrimination in Employment Act Claims.** By signing this AGREEMENT, CONE waives any claims he has or might have against CHOICE under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of CONE's execution of the AGREEMENT.

    (C) **Revocation Period.** CONE shall have seven (7) calendar days from the date he signs this AGREEMENT to revoke the AGREEMENT by notifying CHOICE in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and General Release." The written revocation must be personally delivered to CHOICE in the manner proscribed by

Page 6 of 8

paragraph 21 above, and must be postmarked within seven (7) calendar days of CONE's execution of this AGREEMENT. This AGREEMENT shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

CONE IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

CONE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, CONE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST CHOICE.

**ACCEPTED AND AGREED:**

By: _Keith Cone_  Date: 4/10/13
   KEITH CONE

STATE OF FLORIDA
COUNTY OF Broward

BEFORE ME, the undersigned authority on this 10th day of April, 2013, personally appeared KEITH CONE, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 10th day of April, 2013, to certify which witness my hand and seal of office.

_Christine K. Spire_
NOTARY PUBLIC – STATE OF _____

CHRISTINE K. SPIRE
MY COMMISSION # EE 143549
EXPIRES: February 14, 2017

(Printed Name of Notary)

My Commission Expires:

Page 7 of 8

CHOICE ENVIRONMENTAL SERVICES OF BROWARD, INC.
By: _____   4-11-13
   Thomas J. Fowler, Vice President    Date

STATE OF TEXAS
COUNTY OF DENTON

BEFORE ME, the undersigned authority on this 11th day of April, 2013, personally appeared Thomas J. Fowler, known to me to be the person whose name is subscribed to the foregoing instrument and signed in my presence and swore upon oath this AGREEMENT was executed for the purposes and consideration therein expressed.

SUBSCRIBED AND SWORN TO BEFORE ME on this 11th day of April, 2013, to certify which witness my hand and seal of office.

_Gina Engler_
GINA ENGLER
NOTARY PUBLIC - STATE OF TEXAS

GINA ENGLER
My Commission Expires
November 10, 2015

## EXHIBIT A

Choice Environmental Services of Broward, Inc.
c/o Patrick DeBlasio, Esq.
Littler Mendelson, P.C.
2 S. Biscayne Blvd., Suite 1500
Miami, Florida 33131
Tel: (305) 400-7500
Fax: (305) 603-2552

    RE:    Agreement and General Release

Dear Mr. DeBlasio:

    On April 10, 2013, I executed an Agreement and General Release between Choice Environmental Services of Broward, Inc., and myself. I was advised by Choice Environmental Services of Broward, Inc., in writing, to consult with an attorney of my choosing prior to executing this Agreement and General Release.

    More than seven (7) calendar days have elapsed since I executed the above-mentioned Agreement and General Release. I have at no time revoked my acceptance or execution of that Agreement and General Release and hereby reaffirm my acceptance of that Agreement and General Release. Therefore, in accordance with the terms of our Agreement and General Release, I hereby request payment of the monies described in paragraph 3 of that Agreement.

Very truly yours,

*K. Cone*
Keith Cone